UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

GLORIA ARCHIVAL, an individual,

    Plaintiff,

vs.

ALL FLORIDA ELECTRICAL SERVICE, INC.,
a Florida Corporation, and ALL AMERICAN
FACILITY MAINTENANCE, INC.,
a Florida Corporation,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, GLORIA ARCHIVAL (hereinafter referred to as "Plaintiff" and "ARCHIVAL"), was an employee of Defendant, ALL FLORIDA ELECTRICAL SERVICE, INC. ("AFES"), a Florida Corporation, and ALL AMERICAN FACILITY MAINTENANCE, INC. ("AAFM"), a Florida Corporation (hereinafter collectively referred to as "Defendants"), and brings this action against Defendants for alleged sex/gender discrimination as well as retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq*.

2. At all times material to this action, ARCHIVAL has been an individual residing in Broward County, Florida, within the jurisdiction of this Court.

3. Defendants, AFES and AAFM, are Florida Corporations that at all times material to this Complaint have owned and operated a maintenance services business specializing in providing services to customers such as major retailers and property managers, which services have included turnkey and general construction, roofing, painting, electrical, lighting, plumbing,

HVAC, janitorial, landscaping, asset data, and parking lot based from two (2) offices in Broward County, Florida located at (i) 3201 Griffin Road, Building B, 3rd Floor, Dania Beach, Florida 33312; and (ii) 5751 Dawson Street, Hollywood, Florida 33023, within the jurisdiction of this Court.

4. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and 42 U.S.C. §2000.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this action occurred in Broward County, within the jurisdiction of the United States District Court for the Southern District of Florida.

6. At all times material to this Complaint, AFES and AAFM had an integrated business relationship and AFES and AAFM, directly or indirectly, acted in the interest of an employer toward Plaintiff, including without limitation directly or indirectly controlling the terms of ARCHIVAL's employment with Defendants and the compensation of Plaintiff. Alternately, Defendants, AFES and AAFM, and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of ARCHIVAL because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to Plaintiff while Defendants shared employees, goods and materials, revenues and expenses, and were operated through common management. As a second alternative, Defendants, AFES and AAFM, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of ARCHIVAL because they commonly controlled the terms of compensation and employment of Plaintiff and/or Defendants were managed, operated, and/or owned through common management and ownership including but not necessarily limited to through Phoebe Lara and Christopher Brewer. As a final alternative, Defendants, AFES and AAFM, and each of their divisions, subsidiaries or affiliates, and parent

entities, however constituted, directly or indirectly acted in the interest of an employer toward ARCHIVAL at all material times to this Complaint because Defendants were not completely disassociated with respect to controlling and/or benefiting from the terms of ARCHIVAL's employment as a Dispatcher-Account Coordinator for AFES and AAFM as overseen by Christopher Brewer and Phoebe Lara.

7. In May 2018, AFES and AAFM hired ARCHIVAL as a Dispatcher/Account Coordinator based upon a salary of approximately $33,280.00 per year.

8. Between approximately May 2018 and January 2019, ARCHIVAL was employed by AFES and AAFM as a Dispatcher/Account Coordinator and performed work for Defendants at both of Defendants' offices at 3201 Griffin Road, Building B, 3rd Floor, Dania Beach, Florida 33312 and 5751 Dawson Street, Hollywood, Florida 33023.

9. At all times material to this action, ARCHIVAL was an employee of AFES and AAFM within the meaning of Title VII, 42 U.S.C. §2000e(f).

10. At all times material to this action, AFES and AAFM individually and/or collectively had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year within the meaning of 42 U.S.C. §2000e(b).

11. At all times material to this action, AFES and AAFM constituted a joint employer of ARCHIVAL and/or employer(s) of ARCHIVAL within the meaning of Title VII, 42 U.S.C. §2000e(b).

12. At all times material to this action including but not necessarily limited to between approximately May 2018 and January 2019, ARCHIVAL satisfactorily performed her essential duties as a Dispatcher/Account Coordinator for AFES and AAFM.

13. In approximately November 2018, ARCHIVAL began to be subjected to frequent sexual harassment and unwanted sexual advances on a weekly basis by one of Defendants' Technicians, Christopher Beasley, as part of which Beasley regularly propositioned ARCHIVAL, repeatedly tried hugging ARCHIVAL, engaged in physically aggressive behavior towards ARCHIVAL, and would make sexually offensive, hostile, and threatening statements to ARCHIVAL multiple times per week between November 2018 and January 2019, all while Beasley knew that ARHIVAL was in a relationship with someone who did not work for Defendants, including by way of example, Beasley telling ARCHIVAL:

(a) he did not want ARCHIVAL talking to other Technicians, who were all men, because ARCHIVAL was somehow "his" even though it was ARCHIVAL's job to communicate with all of Defendants' Technicians and despite Plaintiff having no romantic relationship with Beasley;

(b) ARCHIVAL was making Beasley jealous by talking to other men at work;

(c) ARCHIVAL should tell everyone that Beasley is "my man";

(d) aren't you going to give me a hug?;

(e) while in the presence of other employees of Defendants, Beasley asking ARCHIVAL if one of Defendants' Electricians was "my boyfriend" because if he was, Beasley would have Defendants fire that Electrician;

(f) "you have so many boyfriends at work, you probably talk to them all at night";

(g) you must have a new boyfriend because you changed your hair; and

(h) "you're breaking up with me, watch what I'm going to do to you."

14. After ARCHIVAL repeatedly objected to Beasley's unwanted sexual advances and sexual harassment between approximately November 2018 and late January 2019, Beasley's aggressiveness, hostility, and threats against ARCHIVAL escalated to the point that Plaintiff feared for her safety.

4

15. On January 22, 2019, during a meeting with (a) Phoebe Lara, Vice-President of Business Operations; (b) Marcella Sanchez, Human Resources Director; and (c) Derek Harris, General Manager, Defendants advised ARCHIVAL that they were investigating an allegation made by Beasley that ARCHIVAL had purportedly been sexually harassing Beasley, but ARCHIVAL immediately complained to Defendants that it was the other way around.

16. Significantly, ARCHIVAL explained in detail on January 22, 2019 to Defendants' management including Lara, Sanchez, and Harris precisely how Beasley had been sexually harassing and threatening ARCHIVAL for three (3) months since November 2018 because ARCHIVAL had both refused Beasley's repeated, unwanted sexual advances and objected to Beasley's ongoing sexual harassment.

17. Subsequently on January 22, 2019, ARCHIVAL sent Sanchez and Lara a written complaint summarizing Beasley's sexual harassment and threats against Plaintiff over the prior few months, a copy of internal complaint is attached hereto as Exhibit A.

18. Despite ARCHIVAL's verbal and written internal complaint to Defendants about Beasley's unwanted sexual harassment and retaliation, AFES and AAFM failed to take remedial action to help ARCHIVAL and instead terminated Plaintiff's employment on January 23, 2019.

19. The reasons relied upon and/or proffered by AFES and AAFM in January 2019 for the termination of ARCHIVAL's employment were false and known to be false at the time Defendants terminated Plaintiff's employment and instead were a pretext for unlawful disparate treatment, discrimination and retaliation against ARCHIVAL in violation Title VII.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

20. On March 19, 2019, ARCHIVAL dual filed a Charge of Discrimination against AFES and AAFM with the United States Equal Employment Opportunity Commission (EEOC)

and the Florida Commission on Human Relations (FCHR) alleging sex/gender discrimination as well as retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq*. and the Florida Civil Rights Act (FCRA), F.S. §760.01 *et seq*.  A copy of ARCHIVAL's EEOC Charge, Charge No. 510-2019-02761, is attached hereto as Exhibit B.

21. On or around June 4, 2019, the EEOC issued a Notice of Right to Sue to ARCHIVAL, see Exhibit C, which Notice was received by ARCHIVAL via regular U.S. mail from the EEOC on or around June 10, 2019.

22. This Complaint is being filed with the Court within Ninety (90) days of ARCHIVAL's receipt of the Notice of Right to Sue in connection with Charge No. 510-2019-02761 and Plaintiff has exhausted all administrative remedies on the Title VII claims pled in this Complaint.

23. All conditions precedent to the institution of this action under Federal law have either occurred or been waived.

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e ET SEQ. - UNLAWFUL SEX/GENDER DISCRIMINATION

Plaintiff, GLORIA ARCHIVAL, reasserts and reaffirms the allegations of Paragraphs 1 through 23 as if fully set forth herein and further states that this is an action against ALL FLORIDA ELECTRICAL SERVICE, INC. and ALL AMERICAN FACILITY MAINTENANCE, INC. for Sex/Gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.

24. Title VII of the Civil Rights Act of 1964, as amended, provides that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual

with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … sex ..." 42 U.S.C. §2000e-2(a)(1).

25. Throughout the course of ARCHIVAL's employment with AFES and AAFM between approximately November 2018 and January 2019, ARCHIVAL was subjected to unwelcome sexual harassment, unwanted sexual advances, and sexually hostile behavior on virtually a weekly basis by Christopher Beasley which was continuing, severe, and pervasive, and which constituted a hostile work environment, all of which was motivated by ARCHIVAL's gender/sex, Female, in violation of in violation of 42 U.S.C. §2000e-2(a)(1) & (2).

26. Significantly, Beasley solicited and/or attempted to require that ARCHIVAL engage in sexual relations with him and/or provide sexual favors to Beasley as a *quid pro quo* for benefits or continued employment with AFES and AAFM in violation of 42 U.S.C. §2000e-2(a)(1) & (2).

27. The sexual harassment and gender/sex discrimination against ARCHIVAL between approximately November 2018 and January 2019 was sufficiently severe and pervasive that it altered the terms, conditions and privileges of ARCHIVAL's employment with AFES and AAFM.

28. AFES and AAFM's management knew or should have known of the unlawful sexual harassment and gender/sex discrimination against ARCHIVAL between November 2018 and late January 2019 but even after ARCHIVAL verbal and written complaints on January 22, 2019, Defendants still failed to take immediate and appropriate corrective action to address the unlawful conduct against ARCHIVAL.

29. On January 23, 2019, AFES and AAFM terminated ARCHIVAL's employment for one or more reasons that were false and known to be false by Defendants at the time of Plaintiff's termination.

30. A motivating factor behind AFES and AAFM's termination of ARCHIVAL's employment in January 2019 was ARCHIVAL's sex/gender, Female, in violation of 42 U.S.C. §2000e-2(a)(1).

31. AFES and AAFM's violations of ARCHIVAL's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for ARCHIVAL's rights as guaranteed under the laws of the United States. As such, ARCHIVAL is entitled to punitive damages against AFES and AAFM pursuant to 42 U.S.C. §1981a(a)(1).

32. ARCHIVAL has suffered lost earnings and employment benefits, emotional distress, loss of self-esteem and damages as a direct result of AFES and AAFM's violations of 42 U.S.C. §2000e-2(a)(1) & (2).

33. Pursuant to 42 U.S.C. §2000e-5(k), ARCHIVAL is entitled to recover her reasonable attorneys' fees and costs from AFES and AAFM.

WHEREFORE, Plaintiff, GLORIA ARCHIVAL, demands judgment against Defendants, jointly and severally, ALL FLORIDA ELECTRICAL SERVICE, INC. and ALL AMERICAN FACILITY MAINTENANCE, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT II**
**RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e *ET SEQ.***

Plaintiff, GLORIA ARCHIVAL, reasserts and reaffirms the allegations of Paragraphs 1 through 23 as if fully set forth herein and further states that this is an action against ALL FLORIDA ELECTRICAL SERVICE, INC. and ALL AMERICAN FACILITY MAINTENANCE, INC. for Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3.

34. Pursuant to 42 U.S.C. §2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees …. because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

35. When ARCHIVAL objected between November 2018 and January 2019 to the sexual harassment, unwanted sexual advances, and sexually hostile behavior of Christopher Beasley —which conduct by Beasley ARCHIVAL reasonably and in good faith believed was illegal—ARCHIVAL engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

36. Similarly, when ARCHIVAL verbally complained to Phoebe Lara, Marcella Sanchez, and Derek Harris on January 22, 2019 that Beasley had been sexually harassing and threatening ARCHIVAL on an ongoing basis for approximately three (3) months since November 2018 because ARCHIVAL had both refused Beasley's repeated, unwanted sexual advances and objected to Beasley's ongoing sexual harassment—which conduct by Beasley

ARCHIVAL reasonably and in good faith believed was illegal—ARCHIVAL engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

37.     Finally, when ARCHIVAL submitted an internal, written sexual harassment complaint to Lara and Sanchez on January 22, 2019 outlining Beasley's unwanted sexual harassment and threats against Plaintiff, ARCHIVAL engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

38.     ARCHIVAL reasonably and in good faith believed she was being subjected to unlawful sexual harassment, gender/sex discrimination, and disparate treatment by AFES and AAFM between approximately November 2018 and January 2019 when ARCHIVAL repeatedly communicated her objections to Beasley as well as when ARCHIVAL verbally and in writing communicated her complaints on January 22, 2019 to AFES and AAFM's management about the sexual harassment and gender/sex discrimination by Beasley, as a result of which ARCHIVAL engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

39.     Just one (1) day after ARCHIVAL's January 22, 2019 verbal and written sexual harassment complaints to AFES and AAFM, on January 23, 2019, AFES and AAFM terminated ARCHIVAL's employment in violation of 42 U.S.C. §2000e-3(a) in retaliation for ARCHIVAL's repeated complaints about and objections to the unwelcome sexual harassment, unwanted sexual advances, and sexually hostile behavior which Plaintiff reasonably and in good faith believed was illegal.

40.     The fact that ARCHIVAL engaged in activity protected by Title VII—by, *inter alia*, (a) objecting to Beasley's unwanted sexual harassment and gender/sex discrimination; and (c) complaining both verbally and in writing on January 22, 2019 to AFES and AAFM's management about the unwelcome sexual harassment, unwanted sexual advances, and sexually

hostile behavior by Beasley which ARCHIVAL reasonably and in good faith believed was illegal—was a motivating factor behind AFES and AAFM's termination of ARCHIVAL's employment on January 23, 2019, in violation of 42 U.S.C. §2000e-3(a).

41. AFES and AAFM'S unlawful retaliation against ARCHIVAL was intentional and done with malice and reckless disregard for ARCHIVAL'S rights as guaranteed under Title VII. As such, ARCHIVAL is entitled to punitive damages against AFES and AAFM pursuant to 42 U.S.C. §1981a(a)(1).

42. As a direct and proximate result of AFES and AAFM'S unlawful retaliation against ARCHIVAL, Plaintiff has suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial, including suffering lost earnings, emotional distress, loss of self-esteem and other damages as a direct result of AFES and AAFM'S violations of 42 U.S.C. §2000e-3(a).

43. Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), ARCHIVAL is entitled to recover her reasonable attorneys' fees and costs from AFES and AAFM.

WHEREFORE, Plaintiff, GLORIA ARCHIVAL, demands judgment against Defendants, jointly and severally, ALL FLORIDA ELECTRICAL SERVICE, INC. and ALL AMERICAN FACILITY MAINTENANCE, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## **JURY TRIAL DEMAND**

GLORIA ARCHIVAL demands trial by jury on all issues so triable.

Dated:  June 24, 2019	Respectfully submitted,

By:	**KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone:  (305) 901-1379
Attorneys for Plaintiff

# EXHIBIT A

Hello Human Resources,

1/22/2019

Per my conversation with Phoebe Lara, Derik Harris and Marcella Sanchez as we sat in a meeting this

Morning in regards to Chris Beasley harassing me. Chris was telling Derik that I'm harassing him, bringing up false allegations against me. As he is angry because I'm in a relationship.

I want to testify against one of my techs Christopher Beasley, Everytime I encounter him he would say **Hi beautiful!!!** and making me feel very uncomfortable the way he looks at me. Even in the presence of my supervisor Derik Harris he has said that to me.

He called me on November 16th and told me he does not want me talking to any other techs and to make sure I tell the techs not to speak to me as he is very jealous!!! Meanwhile this is what I do on a daily basis as part of my position, is talking to techs, checking them in and out helping them troubleshoot I said to Chris Beasley your kidding right **he said No Gloria I'm not I'm extremely Jealous!!!**

I was like WOW Then on 11/1/2018 when he called me on the phone he said hello Beautiful again I did not recognize his voice I said who is this? **and he yelled into the phone Who the hell do you think this is?** Acting as if he is my husband.

Another incident On 1/2/2019 I was going to lunch and Chris Beasley was outside talking with Felix and he saw me **And said aren't you going to give me a hug, and he moved towards me going to give me a hug!!!** I said Felix he wants me to tell all the techs that he is my Man and Felix shake his head and said NO!!! and kept shaking his head NO!!!

Another incident on 1/7/19 Chris was cutting grass in front of the warehouse and I was on the phone

walking by and Chris screamed out all the cars are beeping at you because they like you.

Then on 1/11/2019 Chris came to the office and was putting all his information on his company's

I-pod from a job he just completed, which should have been done on site. That is protocol however

After he was done putting his information in " **He yelled across the room in front of the employees**

**He said Gloria your breaking up with me!!"** I could not believe it he is harassing me in front of everyone at my work place.

Derik was present and left the room Johnny Hernandez and Suzy and Merian, Juana all present. Embarrassed and humiliated in front of my co-workers, At this point I'm startled and dazed I can't believe it.

He sat down next to my co worker Suzy and said now that I'm single I could save money, and I got up out of my chair and went to the front to talk to my tech outside the office where the time clock is located, I was talking to kyle my electrician and he ran behind me!!! When he opened that door with force he scared me and said **WHO IS THIS YOUR BOYFRIEND IF IT IS I WILL TELL DERIK AND GET HIM FIRED!!!**

Kyle was startled and said Gloria what is going on?? The poor tech was unaware of what was going on

I said Chris likes me and he is harassing me!!!

**So on  1/11/2019** Chris sat down across from me and I was talking to my tech on the phone and that infuriated him, when I got off the Phone he rolled his eyes and puckered up his lips and shook his head!!! as if he was going to attack me physically and he Attached me verbally, in front of everyone he went from 0-60.

**" I'M SO GLAD THAT I BROKE UP WITH YOU, YOU HAVE SO MANY BOYFIRNDS AND MEN THAT ARE AFTER YOU!!!"YOU PROABLAY TALK TO THEM AT NIGHT!!! HE PROCEEED TO SCREAM AT ME IN FRONT OF EVERYONE WATCH WHAT I'M GOING TO DO TO YOU!!!" HE REPEATED AGAIN WATCH WHAT I'M GOING TO DO TO YOU" HE WAS THREATING ME!!! I WAS SO FRIGTENED!!! I COULD NOT BELIVE IT.** I could not believe he screamed at me in front of all my co-workers and said he was only kidding!!! I was wondering if I need to give him MEDS!!!

**I left the office to get out of his presence I left to All American to pick up the checks on 1/11/19 and he left at the same time I did, I Felt extremely uncomfortable him leaving at the same time as me and I back track to the office, for my safety.**

I called him later that day as I felt threatened for my life and he was still screaming on the phone saying I know you have a new boyfriend because you changed your hairdo. That's what a woman does when she finds someone new. OMG so I called him on 1/11/2019 to make sure we were good

and I was in tears, I said how could you scream at me and chalk it off as if you were kidding. He laughed nervously and said I was kidding!!!

 I said don't ever do that to me again!!! I don't want anyone in the office to think I'm dating you. I said you owe me and apology, he apologizes halfheartedly not really sorry at all.

My husband send me flowers and I dressed up my desk so he knows I'm married and in a relationship.

Which That has angered him all the more, adding the fuel to the fire and that's why he made false allegations against me, never in my life has some tech done this to me. My years as a Property Manager dealing with all kinds of techs. For my Real Estate License My background has been run In three states New York, California and Florida it is whistle clean, I challenge you to run it!!!! I have never had my integrity challenged!!!! With any employer as I have been with the company for 9 months. Now can I say the same about

Christopher Beasley that has a criminal background run his credit and do a background check. A Deformation of my character!!! Huh  he can only work for AFE as we need to do credit and background checks on these techs that have checkered past. If you need any information from me I'm a phone call

Away.

 Yours Truly,

 **Gloria Archival**

**All Florida Electrical Service Inc.**

**Dispatcher Office Coordiantor**

# EXHIBIT B

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| [ ] FEPA [X] EEOC | |

**Florida Commission on Human Relations** and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | S.S. No. | |
|---|---|---|
| Gloria Archival | | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | HOME TELEPHONE (Include Area Code) |
| | Hollywood, FL 33020 | |
| | | DATE OF BIRTH: 6/22/1963 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| All Florida Electrical Service, Inc. | 50+ | (954) 322-9909 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 5751 Dawson Street | Hollywood, FL 33023 | Broward |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| All American Facility Maintenance, Inc. | | (954) 322-9909 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 5751 Dawson Street | Hollywood, FL 33023 | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] AGE
[X] RETALIATION [ ] NATIONAL ORIGIN [ ] DISABILITY [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)     LATEST (ALL)
                        1/23/2019

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In May 2018, I was hired by Respondents as a Dispatcher/Account Coordinator. Beginning in approximately November 2018, I was subjected to frequent sexual harassment and unwanted sexual advances by one of Respondents' Technicians, Christopher Beasley, as part of which Mr. Beasley regularly propositioned me, repeatedly tried hugging me, engaged in physically aggressive behavior towards me, and would make sexually offensive, hostile, and threatening statements all while knowing I was in a relationship with someone who did not work for Respondents, such as Mr. Beasley telling me: he did not want me to talking to other Technicians, who were all men, because I was somehow "his" even though it was my job to communicate with all Technicians and I had no romantic relationship with Mr. Beasley; I was making him jealous by talking to other men at work; I should tell everyone that he is "my man"; aren't you going to give me a hug?; in the presence of other employees, Mr. Beasley asking if one of Respondents' Electricians was "my boyfriend" because if he was, Mr. Beasley would have Respondents fire that Electrician; "you have so many boyfriends at work, you probably talk to them all at night"; you must have a new boyfriend because you changed your hair; and "you're breaking up with me, watch what I'm going to do to you." After I repeatedly objected to Mr. Beasley's unwanted sexual advances and sexual harassment between approximately November 2018 and late January 2019, Mr. Beasley's aggressiveness, hostility, and threats against me escalated to the point that I feared for my safety.

On January 22, 2019, during a meeting with Phoebe Lara, Respondents' VP of Business Operations, Marcella Sanchez, HR Director, and Derek Harris, General Manager, Respondents advised me that they were investigating an allegation made by Mr. Beasley that I had purportedly been sexually harassing Mr. Beasley, but I complained to Respondents that it was the other way around and I explained in detail how Mr. Beasley had been sexually harassing and threatening me since November 2018 because I refused his repeated, unwanted sexual advances and objected to his ongoing sexual harassment. Later on January 22, 2019, I sent Respondents a written summary of Mr. Beasley's sexual harassment and threats against me. Despite this, Respondents failed to take remedial action to help me and instead terminated my employment on January 23, 2019. I believe Respondents subjected me to sexual harassment, gender/sex discrimination, and retaliation, all in violation of Title VII of the Civil Rights Act and the Florida Civil Rights Act.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date 3/18/2019    Charging Party (Signature)

SIGNATURE OF COMPLAINANT

RECEIVED MAR 19 2019

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year) EEOC-MIAMI DISTRICT OFFICE

EEOC FORM 5 (Test 10/94)

# EXHIBIT C

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Gloria Archival<br>█████████████<br>Hollywood, FL 33020 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2019-02761 | **Nilia Marti,**<br>**Investigator** | **(305) 808-1775** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐    More than 180 days have passed since the filing of this charge.

☒    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒    The EEOC is terminating its processing of this charge.

☐    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)*           **JUN 0 4 2019**

Michael J. Farrell,<br>District Director      *(Date Mailed)*

Enclosures(s)

cc:

**Respondent Representative**<br>Attn: Marcella Sanchez, Human Resources Director<br>ALL AMERICAN FACILITY SERVICE, INC.<br>5751 Dawson Street<br>Hollywood, FL 33023

**Charging Party Representative**<br>Attn: Keith M. Stern, Esq.<br>LAW OFFICE OF KEITH M. STERN, P.A.<br>80 SW 8th Street, Suite 2000<br>Miami, FL 33130

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*